97 F.3d 1455
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bryant R. LARKIN, Defendant-Appellant.
 No. 96-2221.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1996.
Decided Sept. 12, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Bryant Larkin pleaded guilty to possessing crack cocaine with intent to distribute that drug, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 235 months' imprisonment as a career offender, U.S.S.G. § 4B1.1, and has appealed. After his attorney submitted a no-merit report and asked to be relieved under Anders v. California, 386 U.S. 738 (1967), we invited Larkin to inform us what issues he desires to raise on appeal. See Circuit Rule 51(a). Larkin did not respond.
 
 
 2
 The lack of response would justify dismissal of the appeal under Circuit Rule 51(c). To protect Larkin's interests, we have nonetheless reviewed counsel's no-merit brief and the record of the case. See Benson v. Ohio, 488 U.S. 75, 82-82 & n. 6 (1988). Because Larkin pleaded guilty, did not ask the district court to withdraw the plea, and does not tell us that he is dissatisfied with the plea, we bypass any consideration of the procedures by which the plea was taken; no such issues have been either preserved in the district court or presented for decision here.
 
 
 3
 Larkin was sentenced as a career offender because he was convicted of a drug offense and the district judge found that he had two prior convictions for crimes of violence (each punishable by more than a year's imprisonment). One of the offenses was robbery, in violation of 720 ILCS 5/18-1, which the Guidelines identify as a crime of violence. U.S.S.G. § 4B1.2(i). The other was criminal sexual assault, which in Illinois comprises several kinds of offenses, 720 ILCS 5/12-12, and therefore poses a potential interpretive problem. For example, sexual contact with a young family member might not be a crime of violence, as the Guidelines define that term. But the presentence report relates that Larkin had intercourse with a juvenile against her will, and after making a threat of force. That offense is plainly a crime of violence, justifying treatment as a career offender.
 
 
 4
 At the sentencing hearing, Larkin did not deny that the crimes described in the presentence report exposed him to sentencing as a career offender. He argued, instead, that he thought that he had pleaded guilty to drug charges, only to discover that he had been sentenced for sexual assault. The district judge thought this explanation fantastic. It is legally irrelevant as well. The conviction on Larkin's record is for criminal sexual assault. If there is some infirmity in that conviction--Larkin's position implies that the conviction was based on an involuntary plea of guilty--a federal sentencing proceeding is not the time to raise it. Under Custis v. United States, 511 U.S. 485 (1994), only lack of counsel in the prior proceeding supports an indirect collateral attack in the course of federal sentencing. See also U.S.S.G. § 4A1.2 Application Note 6. Larkin does not contend that he lacked counsel in the state case. After Custis, any challenge to treatment as a career offender would be frivolous.
 
 
 5
 The district judge sentenced Larkin at the top of the guideline range. The career offender guideline is designed to produce exactly this effect, and we doubt that any further explanation was required of the judge. But the judge gave such an explanation anyway, observing that Larkin had been in trouble with the law all his life and needed to be incapacitated. Any challenge to the assignment of reasons for the sentence would be untenable.
 
 
 6
 Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.